The opinion of the court was delivered by
Til&hman, C. J.
If notice of this evidence had been given by the defendants to Darlington, for whose use the suit was brought, or to his attorney, I think it would have been admissible. But it was a defence of a special nature, and therefore notice ought to have been given. This action was brought, not in the name of Darlington, but of Pusey. The declaration did not mention Darlington, but set forth that the goods were sold and delivered by the plaintiff (Pusey) to the defendants. The pleas of non assumpsit and payment applied to Pusey and not to Darlington. Nevertheless, as the action was for the use of Darlington, the defendants might have averred that the fact was so, and then have pleaded, that they had made payment to Darlington, or that they had an account agairist him, which they intended to set off. Or, having put in the pleas of non assumpsit and payment with leave, &e. they might have given notice, that they intended to give evidence of payment to, or a set-off against Darlington, or of his confession that when he had paid Pusey’s demand, the accounts between himself and Jllexander would be about square. This was a collateral matter, altogether foreign to the demand made by Pusey in this action, although a good defence against Darlington, for whose use the action was brought. It was special matter, therefore, of which Darlington was entitled to notice under the rule of court, because without notice he might have been taken by surprise, inasmuch as the pleas of non-assumpsit and payment were only in answer to the declaration which averred that the goods were sold and delivered by Pusey. It is a great indulgence to defendants to permit them to give evidence of special matter in this informal way. It saves the expense and danger of special pleading. The least that can be expected therefore, is, that the plaihtiff should be protected against surprise, by notice of the matter intended to be given in evidence, in bar of his claim. For these reasons, I am of opinion that the evidence was properly rejected, and therefore the judgment should be affirmed.
Judgment affirmed.